IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

BRAD WILLIAMS,                               )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )
                                             )
THE CITY OF CHICAGO and UNKNOWN              )
CHICAGO POLICE OFFICERS,                     )
                                             )
                                             )
                                             )
                Defendants.                  )    JURY TRIAL DEMANDED


## COMPLAINT

Plaintiff, BRAD WILLIAMS, by his attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF CHICAGO and presently-UNKNOWN CHICAGO POLICE OFFICERS (the "Defendant Officers"), and states as follows:

### Introduction

1.    This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2.    This case concerns the public's right to document police misconduct without fear of reprisal.  The ability to exercise one's First Amendment rights, free from violent retaliation, is a fundamental element of a free society.

## Jurisdiction and Venue

3.    This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

4.    Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

## Factual Allegations

5.    Brad Williams is a 33-year-old lifelong resident of Chicago.  He graduated from Austin Career Educational Center in 2002, has taken three years of classes at Malcom X City College and the University of Phoenix, and owns his own landscaping business.

6.    On or about the afternoon of December 22, 2010, Mr. Williams was on the front porch of his home waiting for the mail carrier to bring his family's mail.

7.    While on his porch, Mr. Williams noticed an unmarked police car driving slowly down his street.  Mr. Williams observed the driver of the police car reach his arm out the window and grab an unknown man who was walking alongside the car.

8.    Mr. Williams then observed the officer continue driving while still grasping the unknown man, dragging the unknown man along as the car moved.  Mr. Williams had never

before seen anyone dragged alongside a car, let alone dragged by a police officer.

9. To document the abuse, Mr. Williams took out his phone and took a picture of the events on his camera phone. Mr. Williams took a single still photo and did not record any audio, as his older-model cell phone did not have the capacity for video or audio recording.

10. After Mr. Williams took the picture, the driver released the man he had been grasping. The driver's partner exited the vehicle to search that man, and the driver then drove toward Mr. Williams.

11. The driver came to a stop in front of Mr. Williams' home, exited the vehicle, and proceeded to confront Mr. Williams. The officer approached Mr. Williams in an aggressive manner, stating it was illegal to photograph the police and that he did not want to see himself on YouTube. That officer threatened to arrest Mr. Williams and also made physical threats to Mr. Williams.

12. The officer returned to his vehicle and appeared to be entering the vehicle but returned to the porch to confront Mr. Williams a second time. At this time, the officer began calling Mr. Williams derogatory names and pushed him against a wall. The officer then released Mr. Williams, entered his

vehicle, and reversed back down the block to reunite with his partner and the man who was being searched.

13.   Shortly thereafter, the officer and his partner drove back to Mr. Williams' home.  They stopped in front of Mr. Williams' home and the driver rolled down his window and resumed making threats to Mr. Williams.

14.   The officer who had been the passenger exited the car and charged towards Mr. Williams, who was still on the porch.  At no time did Mr. Williams do anything to provoke the officers into verbally or physically assaulting him, nor to justify the physical violence and threats directed toward him.

15.   The driver then joined his partner and both officers used force against Mr. Williams without any lawful justification.  The officers handcuffed Mr. Williams, causing a laceration to his wrist and grabbing him by the throat in the process.

16.   While Mr. Williams was getting handcuffed, his parents were inside the house and watching the events unfold through the glass front door.  Mr. Williams' mother tried to open the door, but one of the officers held it shut.  The officer then let go of the door, causing Mrs. Williams to stumble through the now open door and fall to the ground.

17.   Mr. Williams' father tended to his wife (Mr. Williams' mother), who had recently been hospitalized and was in

4

poor health, assisted by several neighbors.  Meanwhile, the
Defendant Officers pushed Mr. Williams into his home, choked
him, and struck him on his body.  Mr. Williams was handcuffed
and presented no threat to the officers while he was hit inside
his home.

18.  Mr. Williams was then pulled from the house and
placed in the back of the police car.  Mr. Williams was walked
to the car in handcuffs in full view of his neighbors, unable to
tend to his mother, who was then in need of medical care.

19.  Mr. Williams' father called 911 to request that a
Sergeant respond to the scene because of the Defendant Officers'
conduct, and he also requested an ambulance to tend to his wife.

20.  As a result of her fall, Mr. Williams' mother was
taken by ambulance to Loretto Hospital, where she was admitted
and treated for eight days.

21.  When the Sergeant arrived, Mr. Williams had been
sitting in the back of the police car for over half an hour.
The Sergeant told Mr. Williams that he should respect the
police, he should not take pictures of officers, and that one
day he might need the police to protect him.  Mr. Williams was
then released.

22.  Although he was not charged with any crime, Mr.
Williams felt upset, embarrassed, and powerless as a result of
the abuse inflicted upon him by the Defendant Officers.  The

entire encounter was unnecessary and unjustified because Mr. Williams was breaking no laws, nor doing anything to provoke police attention or response.

**Count I -- 42 U.S.C. § 1983**
**Excessive Force**

23.   Each Paragraph of this Complaint is incorporated herein.

24.   As described above, the conduct of one or more of the Defendant Officers constituted excessive force in violation of the United States Constitution.

25.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

26.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

27.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.   As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its

officers, such that its failure to do so manifests deliberate indifference;

b.   As a matter of both policy and practice, the City facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.   City policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department.  Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so; and

e.   The City of Chicago has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

28.  As a result of the Defendant Officers'
unjustified and excessive use of force and the City's policy and
practice, Plaintiff has suffered injury, including emotional
distress.

### Count II -- 42 U.S.C. § 1983
### False Arrest/Unlawful Detention

29.  Each Paragraph of this Complaint is incorporated
herein.

30.  As described more fully above, the Defendant
Officers falsely arrested and unlawfully detained Plaintiff
without justification and without probable cause.

31.  The misconduct described in this Count was
undertaken with malice, willfulness, and reckless indifference
to the rights of others.

32.  The misconduct described in this Count was
objectively unreasonable and was undertaken intentionally with
willful indifference to Plaintiff's constitutional rights.

33.  As a result of the unjustified violation of
Plaintiff's rights by the Defendant Officers, undertaken
pursuant to the City's policy and practice as described above,
Plaintiff has suffered injury, including emotional distress.

### Count III -- 42 U.S.C. § 1983
### Unreasonable Search and Seizure

34.  Each Paragraph of this Complaint is incorporated
herein.

35.  As described above, Plaintiff was searched and seized by one or more of the Defendant Officers in a manner which violated the Fourth Amendment.

36.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

37.  As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

## Count IV -- 42 U.S.C. § 1983
## Failure to Intervene

38.  Each Paragraph of this Complaint is incorporated herein.

39.  As described more fully above, one or more Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had they been so inclined, but failed to do so.

40.  Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

41.  As a result of Defendant Officers' failure to intervene, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

9

## Count V -- State Law Claim
## Assault and Battery

42.   Each Paragraph of this Complaint is incorporated herein.

43.   As described in the preceding paragraphs, the conduct of one or more Defendant Officers, acting under color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

44.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

45.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

46.   As a result of the offensive touching, undertaken pursuant to the City's policy and practice as described above, Plaintiff sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

## Count VI -- State Law Claim
## False Imprisonment

47.   Each Paragraph of this Complaint is incorporated herein.

10

48.   Plaintiff was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

49.   Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's constitutional rights and to the rights of others.

50.   As a result of the above-described wrongful infringement of Plaintiff's rights, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

### Count VII -- State Law Claim
### Respondeat Superior

51.   Each Paragraph of this Complaint is incorporated herein.

52.   In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

53.   Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT VIII -- State Law Claim
### Indemnification

54.    Each Paragraph of this Complaint is incorporated herein.

55.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

56.    The Defendant Officers are or were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described above.

WHEREFORE, BRAD WILLIAMS respectfully requests that this Court enter judgment in his favor and against Defendants, THE CITY OF CHICAGO and presently-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff BRAD WILLIAMS hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.


RESPECTFULLY SUBMITTED,



/S/  Russell Ainsworth
Attorneys for Plaintiffs


Arthur Loevy
Jon Loevy
Russell Ainsworth
Steven Art
LOEVY & LOEVY
312 North May
Suite 100
Chicago, IL 60607
(312) 243-5900