IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRAD WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 11 C 6284 |
| v. | ) | |
| | ) | Judge Lindberg |
| THE CITY OF CHICAGO, OFFICER DARIUS REED, Star No. 12200, OFFICER RICO CARTER, Star No. 5068, SERGEANT EDWARD SULLINS, Star No. 1205, and UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff, BRAD WILLIAMS, by his attorneys, LOEVY & LOEVY, moves to compel discovery from Defendant City of Chicago. In support of this motion, Plaintiff states as follows:

**Introduction**

1. Plaintiff brought this action pursuant to 42 U.S.C. § 1983 to redress the deprivation of his constitutional rights. Plaintiff Brad Williams alleges that after he photographed the Defendant Officers in the act of abusing another man, they accosted Plaintiff on his porch, beat him, and handcuffed him.

2. Almost two months ago, Plaintiff propounded written discovery on Defendant City of Chicago to prove his claims against the Defendants. To date, however, Defendant City

of Chicago has not responded to any of the Interrogatories, Requests to Admit, or Requests for Production propounded by Plaintiff, despite several requests by Plaintiff. Plaintiff has no desire to engage in unnecessary motion practice, but this Court has set a discovery schedule and Plaintiff cannot wait any longer to obtain responses to the long outstanding discovery.

**Background**

3. On February 23, 2012, Plaintiff served his first set of written discovery on Defendant City, including Requests for Production, Interrogatories, and Requests to Admit. Exhibit A (Certificate of Service to defense counsel dated February 23, 2012). The City's responses were thus due on March 27, 2012.

4. On that date, Plaintiff did not receive responses to any of his discovery requests. Accordingly, Plaintiff wrote to defense counsel offering to extend the time to respond to April 9, 2012. Exhibit B (letter to defense counsel dated April 3, 2012).

5. By April 9, 2012, Plaintiff still had not heard from the City nor received any discovery responses. On April 12, 2012, Plaintiff once again wrote to defense counsel offering to grant additional time to respond to April 16, 2012. Exhibit C (letter to defense counsel dated April 12, 2012). Plaintiff's counsel cautioned that if Defendants did not provide discovery

responses by that date, Plaintiff would have no choice but to raise this issue with the court. *Id.*

6. When April 16 came and went without any contact from the City, Plaintiff's counsel left a voicemail for defense counsel asking for his cooperation in this matter so that Plaintiff did not have to move to compel. On or about May 7, counsel for the City left a voicemail for Plaintiff, stating that the reason for the delay was because a junior attorney representing the City had left the City's employ and the City had not yet assigned another junior attorney to the case.

7. Plaintiff called counsel for the City on May 15, stating that Plaintiff could not wait any longer for the City's responses, given the discovery schedule and the upcoming depositions of the Defendant Officers scheduled for June 5 and 6, and that Plaintiff would be filing this Motion. Exhibit D (letter to defense counsel dated May 15, 2012). Plaintiff repeated the substance of that voicemail to defense counsel in a letter sent that same day. *Id*. Plaintiff also noted that he would withdraw his motion to compel if the City answered the requested discovery responses before the Motion was heard. *Id*.

9. To date, Plaintiff still has not received any responses to the following discovery requests, all of which are almost two months overdue: Plaintiff's First Set of Requests for Production to Defendant City of Chicago; Plaintiff's First Set

of Interrogatories to Defendant City of Chicago; and Plaintiff's First Set of Requests to Admit to Defendant City of Chicago.[1]

**Argument**

10. The parties are at an impasse. Plaintiff can do no more to gain compliance from Defendant absent intervention from this court.

11. Defendant City's proffered excuse for the delay – that a junior attorney withdrew from the case on April 3 – is no excuse at all. The City cannot essentially stay discovery simply because of its hundreds of attorneys withdrew from the case. Moreover, the City's motion to withdraw one of its attorneys from the case expressly stated that another attorney would continue to represent the City. See Dckt. No. 32 ¶3. Furthermore, the attorney withdrew on April 3 – six weeks ago and at the same time Plaintiff first began contacting the City in an effort to gain compliance with his discovery requests.

12. Without the requested discovery, Plaintiff will be prejudiced because he would have to depose the Defendant Officers without the City's case file.

13. In addition, Plaintiff has been further prejudiced by Defendant's refusal to provide their objections in a timely manner. Despite timely propounding discovery in February, he

---

[1] Plaintiff understands that lead counsel for the City is currently on trial. Plaintiff appreciates that trials can be all-consuming, but Plaintiff cannot wait any longer for discovery responses without being prejudiced.

4

has been prevented from addressing any potential concerns with Defendant City's discovery responses.

14. Moreover, because Defendant has not provided objections within thirty days (or even within the almost two months since), those objections have now been waived. "Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted." *Autotech Technologies Ltd. Partnership v. Automationdirect.com*, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992)); see also Fed. R. Civ. P. 33(b)(4), 34(b)(2)(a); *Stelor Productions, Inc. v. Oogles N Googles*, No. 05 CV 354, 2008 WL 5062786, at *1 (S.D. Ind. Nov. 1, 2008).

15. Plaintiff has done everything he can to advance this litigation. Plaintiff simply seeks the discovery responses to which he is entitled.

WHEREFORE, BRAD WILLIAMS respectfully requests that this Court order Defendant City of Chicago to produce responses to Plaintiff's First Set of Requests for Production; Plaintiff's First Set of Interrogatories; and Plaintiff's First Set of Requests to Admit by May 29, 2012, and deem all potential objections to these discovery requests to have been waived.

                                          RESPECTFULLY SUBMITTED,


                                          /S/  Vince Field_____
                                          Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
Steven Art
Vince Field
LOEVY & LOEVY
312 North May
Suite 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

    I, Vince Field, an attorney, hereby certify that on May 18, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Defendants.

                                          /S/ Vince Field_____
                                          One of Plaintiff's Attorneys